1  Yana G. Henriks, Esq. (SBN 250638)
   yhenriks@law-mh.com
2  Cameron R. Chapman-Pinto, Esq. (SBN 349339)
   cpinto@law-mh.com
3  **MCMURRAY HENRIKS, LLP**
   811 Wilshire Blvd., Suite 1640
4  Los Angeles, California 90017
   Telephone: (323) 931-6200
5  Facsimile: (323) 931-9521

6  *Attorneys for Plaintiff,*
   LUIS E. CASTANEDA
7

8              **UNITED STATES DISTRICT COURT**

9      **EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

10

11 LUIS E. CASTANEDA, an individual,        **Case No.:** 1:23-cv-00068-NODJ-CDB

12              Plaintiff,

                                            **FIRST AMENDED COMPLAINT**
13        v.                                **FOR DAMAGES:**

14 CITY OF BAKERSFIELD, a California          1. **Excessive Force, 42 USC § 1983;**
   municipal entity; BAKERSFIELD             2. **Excessive Force,** *Monell*
15 POLICE DEPARTMENT, a California           3. **Violation of Due Process, 42**
   municipal entity; BROCKETT                   **USC § 1983;**
16 MUELLER, an individual; BRENDAN           4. **Battery;**
   THEBEAU, an individual; and DOES          5. **Assault;**
17 1- 100, inclusive.                        6. **Negligence;**
                                             7. **Negligent Hiring, Training,**
18                                              **Supervision, Discipline, and/or**
                                                **Retention,** *Monell***;**
19              Defendants.                  8. **Failure to Properly Train,**
                                                **Supervise and Discipline,**
20                                              *Monell***;**
                                             9. **Ratification,** *Monell;*
21                                          10. **Unconstitutional Policy,** *Monell;*
                                            11. **Violation of the Bane Act (Cal.**
22                                              **Civ. Code § 52.1); and**
                                            12. **Intentional Infliction of**
23                                              **Emotional Distress;**
24
25
26
27                                          **DEMAND FOR JURY TRIAL**
28

**1**
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1    **COMES NOW** Plaintiff LUIS E. CASTANEDA, an individual, to complain

2    of DEFENDANTS, and each of them, and hereby allege as follows:

3    <u>**INTRODUCTORY STATEMENT**</u>

4    This is a civil rights action against the CITY OF BAKERSFIELD (by and

5    through the BAKERSFIELD POLICE DEPARTMENT), and several individual

6    officers thereof, for violating various rights under the United States Constitution

7    and California state law in connection with the unlawful arrest and excessive use of

8    force against Plaintiff LUIS E. CASTANEDA (hereafter "Plaintiff") on or around

9    October 16, 2021.

10    On or around October 16, 2021, BAKERSFIELD POLICE DEPARTMENT

11    ("BPD") officers used unlawful excessive force against Plaintiff, then a minor,

12    following a vehicle stop. Plaintiff complied with all officer demands and safely

13    exited the vehicle while at all times displaying his hands in the air.  After complying

14    with officer commands, BPD officers immediately attacked Plaintiff and physically

15    abused him while taunting and threatening him.  Plaintiff was compliant with his

16    hands up in surrender throughout the incident.

17    <u>**VENUE AND JURISDICTION**</u>

18    1.    Jurisdiction and venue are proper in this Court under 28 U.S.C. § 1331

19    in that the underlying acts and injuries upon which the present action is based

20    occurred in the County of Kern, in the state of California, with most claims for relief

21    arising under the Constitution and laws of the United States.

22    2.    Defendants reside and/or transact business in the County of Kern and

23    are within the jurisdiction of this Court for purposes of service of process.

24    <u>**PARTIES**</u>

25    3.    PLAINTIFF LUIS E. CASTANEDA is and was at all relevant TIMES

26    herein, an individual residing in the County of Kern, in the state of California. At

27    the time of the events at issue, PLAINTIFF was a minor; however, he now brings

28    this action in his capacity as an adult.

<div style="text-align:left; writing-mode: vertical">**McMurray Henriks, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017</div>

4.    Plaintiff is informed and believes, and based thereon alleges, that Defendant CITY OF BAKERSFIELD (herein "CITY") is a municipal entity organized under the laws of the State of California. Plaintiff is informed and believes, and based thereon alleges, that the BAKERSFIELD DEPARTMENT (herein "BPD") is a subdivision of Defendant CITY and is regarded as identical thereto for the purposes of this pleading unless otherwise indicated.

5.    Plaintiff is informed and believes, and based thereon alleges, that Defendant OFFICERS, are and at all pertinent times were, individuals and law enforcement personnel employed in the CITY OF BAKERSFIELD by Defendants CITY and supervised and controlled by Defendants CITY as well as through other policymakers and managers of CITY and BPD.

6.    Plaintiff is informed and believe, and based thereon allege, that Defendant BROCKETT MUELLER (herein "MUELLER"), is and at all pertinent times was, an individual employed by CITY OF BAKERSFIELD and BPD, with employee identification number 1276.

7.    Plaintiff is informed and believe, and based thereon allege, that Defendant BRENDAN THEBEAU (herein "THEBEAU"), is and at all pertinent times was, an individual employed by CITY OF BAKERSFIELD and BPD, with employee identification number 1350.

8.    In doing the acts alleged in this Complaint, Defendant OFFICERS were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of Defendants CITY and BPD and the State of California and under the authority of their respective offices and pursuant to the course and scope of their employment as a BPD officer.

9.    All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Kern, State of California.

10.    The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1- 100, inclusive, and each of them, are

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Defendants Does 1 through 100 were police officers, officials, employees, and/or agents of Defendants CITY and BPD. At all times relevant hereto, these defendants were acting in their professional capacity within the course and scope of their agency and/or employment, and/or were the agents, servants and employees of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer.

11. At all times relevant herein, each Defendant named herein including all fictitiously named defendants Does 1 through 100, herein was an owner, employer either individually or jointly with others, agent, partner, joint-venturer, representative, servant, employee and/or coconspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendants designated herein.

12. Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants, and each of the Defendants had approved or ratified the actions of the other Defendants thereby making all named Defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

13. Plaintiffs will amend this Complaint to allege such defendants' true names and capacities when same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences herein alleged, whether such acts and occurrences were committed intentionally, negligently, recklessly or

otherwise and that each said DOE defendant is liable to Plaintiffs for the damages claimed herein. Plaintiffs s are informed and believes and thereupon alleges that each of the Defendants herein fictitiously named as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred, and therefore, proximately caused the injuries and damages to Plaintiffs as herein alleged.

14.     On April 6, 2022, Plaintiff presented Defendants CITY, BPD, and the County of Kern with Claims for Damages sustained as a result of the incident described in this Complaint, and apprising Defendant of the substance of the claims asserted herein, pursuant to California Government Code §§ 905, 910, *et seq*., which claims were each denied by Defendants CITY, BPD, and by County of Kern within six months prior to the filing of this action. Plaintiff has exhausted all administrative remedies, and the current action is being timely filed within the statute of limitations.

## FACTS SHARED BY ALL CAUSES OF ACTION

15.     Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

16.     On or around October 16, 2021, at approximately 0113 hours (in reliance upon Bakersfield Police Department ("BPD") Report GO# 2021-199463), BPD officers initiated a pursuit of a vehicle in which Plaintiff, then a minor, and others were present.

17.     The vehicle in which Plaintiff was present ran out of gas and came to a stop on State Route 99, approximately one mile north of Highway 46 (in reliance upon BPD Report GO# 2021-199463).

18.     Plaintiff complied with all officer requests and placed his hands up in the air, displaying them for officers through a vehicle window.

19.     Thereafter, in compliance with BPD Officers' further requests,

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1  Plaintiff unlocked his door in an effort to comply and safely exit the vehicle, while
2  at all times displaying his hands in the air.

3      20.    Nevertheless, BPD Officers dragged Plaintiff out of the vehicle, threw
4  him to the ground, and proceeded to repeatedly strike Plaintiff with closed fists,
5  including several punches to his head.

6      21.    Further, upon information and belief, the BPD Officers engaged in the
7  vicious physical abuse of Plaintiff taunted and threatened him, saying: "Welcome
8  to Bakersfield, Motherfucker."

9      22.    At no time did Plaintiff, then a minor, pose any danger to BPD Officers
10 or to third parties when under their custody.

11     23.    However, the excessive force did not stop here: BPD Officers then
12 intentionally knocked Plaintiff's head against the concrete pavement.

13     24.    At no time during the physical altercation did Plaintiff resist and/or
14 combat officers.

15     25.    As a result of the incident, Plaintiff sustained severe physical injuries
16 to his body requiring medical treatment and causing lasting effects as well as
17 emotional and mental injury with lasting effects.

18     26.    As a direct and proximate result of the direct actions by Defendant
19 Officers and Doe Defendants on October 16, 2021, Plaintiff has sustained economic
20 damages and non-economic damages including but not limited to medical expenses,
21 loss of wages and/or loss of earning capacity, severe mental anguish, emotional
22 distress, worry, fear and anxiety, difficulty sleeping, tearfulness and anger as a
23 result of the improper and reckless acts of the public entities named herein and/or
24 their employees, agents, servants, and representatives.

25     27.    At all times relevant hereto, Defendants CITY, BPD, and DOES 1-100
26 by and through BPD were responsible for the training of all Defendant Officers
27 regarding the proper use of force, and interactions with persons who have been
28 detained and/or seized. Defendant Officers were trained by Defendants CITY, BPD,

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**6**

1  and DOES 1-100, at the direction, special insistence, and under the control of
2  Defendants CITY, BPD, and DOES 1-100 in accordance with the statutes,
3  ordinances, regulations, customs, and usages of Defendants CITY and the State of
4  California. Defendants CITY, BPD, and DOES 1-100 were also responsible for
5  enforcing the regulations of the BPD and for ensuring that law enforcement
6  personnel of the BPD obeyed the laws of the State of California and the United
7  States of America.

8      28.     Defendants CITY, BPD, and DOES 1-100, by and through their
9  supervisory employees and officials, have been on notice through complaints, both
10 formal and informal, through the inquiries and investigations of state and national
11 governmental regulators, and through local and national news reports, that its
12 officers have repeatedly engaged in a pattern and practice of purposefully abridging
13 the rights, constitutional and otherwise, of persons within their jurisdiction. Despite
14 such notice, the CITY and BPD, and certain of the DOE DEFENDANTS, and each
15 of them, demonstrated deliberate indifference to this pattern and practice of
16 violations of rights by failing to take necessary, appropriate, or adequate measures
17 to ensure the cessation of such conduct. This deliberate indifference of the
18 Defendants amounts to an informal policy or custom, and ratification, said policy
19 or custom ratified being another proximate cause of the injury to Plaintiff.

20           **FIRST CAUSE OF ACTION**

21         **EXCESSIVE FORCE, 42 U.S.C. § 1983**

22    **(Against Defendants MUELLER, THEBEAU, and DOES 1-100)**

23     54.     Plaintiff re-alleges and incorporates by reference each and every
24 allegation contained in this complaint as though set forth herein in full.

25     55.     Plaintiff had a clearly established right under the Fourth Amendment
26 to be free from official infliction of excessive force.

27     56.     Plaintiff did not actively resist or attempt to evade defendant officers
28 once he stopped the vehicle.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1    57.    Plaintiff complied with all defendant officer commands.

2    58.    Plaintiff did not act erratically or make any threatening gestures or

3    movements. Plaintiff was not armed or displaying any type of weapon.

4    59.    Plaintiff posed no threat to Defendants MUELLER, THEBEAU, and

5    DOES 1-100 when they attacked Plaintiff by dragging him out of the vehicle while

6    he was attempting to exit with his hands raised. Plaintiff was clearly complying with

7    all Defendant Officer commands and did not pose a threat, thereby constituting

8    excessive force.

9    60.    As a result, the use of excessive force was objectively unreasonable

10    under the totality of the circumstances. The excessive force used was also

11    performed with a deliberate indifference to the safety and welfare of Plaintiff.

12    Defendants' actions thus deprived Plaintiff of his right to be free from the use of

13    excessive force by law enforcement and secure in his person against unreasonable

14    searches and seizures as guaranteed to him under the Fourth Amendment of the

15    United States Constitution.

16    61.    Defendant officers DOES 1-100 did not intervene to protect Plaintiff

17    despite witnessing the excessive force employed by MUELLER, THEBEAU,

18    and/or other DOE officers. They were able to intervene to halt this unconstitutional

19    conduct. Their refusal to intervene violated their constitutional and moral duty to

20    protect and serve the public.

21    62.    At all times herein, Defendants MUELLER, THEBEAU, and DOES

22    1-100 were acting within the course and scope of their employment as police

23    officers within BPD.

24    63.    Defendants MUELLER, THEBEAU, and DOES 1-100 acted under

25    color of law and knew that going hands on Plaintiff without justification in these

26    circumstances constituted the use of excessive force under clearly established law.

27    64.    The conduct alleged herein caused Plaintiff to be deprived of his civil

28    rights that are protected under the United States Constitution, California

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**8**
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1   Constitution, and federal and state laws. The actions of Defendants MUELLER,

2   THEBEAU, and DOES 1-100 have legally, proximately, foreseeably, and actually

3   caused Plaintiff to suffer physical injury, emotional distress, pain and suffering,

4   unjust deprivation of his liberty and freedom, and further general and special

5   damages according to proof at the time of trial.

6       65.    As a further result of the foregoing, Plaintiff is entitled to recover

7   reasonable costs and attorney fees under 42 U.S.C. § 1988.

8       66.    In committing the acts described above, Plaintiff is informed and

9   believes Defendants MUELLER, THEBEAU, and DOES 1-100 acted with

10  oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages

11  under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against

12  Defendants MUELLER, THEBEAU, and DOES 1-100 in an amount according to

13  proof at time of trial.

## SECOND CAUSE OF ACTION

### EXCESSIVE FORCE, 42 U.S.C. § 1983, *MONELL*

### (Against Defendants CITY OF BAKERSFIELD, BPD, and DOES 1-100)

17      54.    Plaintiff re-alleges and incorporates by reference each and every

18  allegation contained in this complaint as though set forth herein in full.

19      55.    Defendant Officers employed excessive force against Plaintiff.

20      56.    Defendants CITY, BPD, and DOES 1-100 maintain an

21  unconstitutional custom, policy, or practice, within the meaning of *Monell v.*

22  *Department of Social Services of the City of New York*, 436 U.S. 658 (1978)

23  ("*Monell*") of employing excessive force, and depriving persons of life, liberty, and

24  property.

25      57.    Defendants either knew or had constructive knowledge that it should

26  train its law enforcement personnel to follow all laws governing vehicle stops,

27  detentions, use of force, and arrests.

28      58.    By perpetrating, sanctioning, tolerating, and ratifying the conduct and

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**9**

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1    other wrongful acts of defendant officers, Defendants acted with an intentional,

2    reckless, and callous disregard for the constitutional and human rights of Plaintiff.

3        59.    The conduct alleged herein violated Plaintiff's right alleged above

4    which has legally, proximately, foreseeably, and actually caused Plaintiff to suffer

5    general and special damages according to proof at the time of trial.

6        60.    Plaintiff is also entitled to recover reasonable costs and attorney fees

7    under 42 U.S.C. § 1988.

8        61.    In committing the acts described above, Plaintiff is informed and

9    believes Defendant OFFICERS, CITY, BPD, and DOES 1-100 acted with

10   oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages

11   against Defendant OFFICERS and DOES 1-100 in an amount according to proof at

12   time of trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF DUE PROCESS, 42 U.S.C. § 1983

### (Against Defendants MUELLER, THEBEAU, and DOES 1-100)

16       62.    Plaintiff re-alleges and incorporates by reference each and every

17   allegation contained in this complaint as though set forth herein full.

18       63.    The Substantive Due Process clause forbids the government from

19   depriving a person of life, liberty, or property in such a way that shocks the

20   conscience or interferes with the rights implicit in the concept of ordered liberty.

21       64.    Defendants MUELLER, THEBEAU, and DOES 1-100 employed

22   excessive force onto Plaintiff without justification in violation of the Due Process

23   Clause of the Fourteenth Amendment.

24       65.    The actions of Defendants MUELLER, THEBEAU, and DOES 1-100

25   shocks the conscience.

26       66.    Plaintiff complied with all Defendant Officer commands once he

27   stopped his vehicle.

28       67.    Plaintiff posed no threat to Defendants MUELLER, THEBEAU, and

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**10**

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1   DOES 1-100 when they attacked Plaintiff by dragging him out of the vehicle while

2   he was attempting to exit with his hands raised, or when they threw him to the

3   ground and repeatedly struck Plaintiff with closed fists.

4       68.    Defendants MUELLER, THEBEAU, and DOES 1-100 had the ability

5   to reflect on their course of conduct before engaging in the use of excessive force

6   and violating Plaintiff's liberty interest in his bodily security.  Defendant Officers

7   affirmatively placed Plaintiff in a position of danger.    Defendant Officers

8   consciously disregarded a substantial risk of serious harm.

9       69.    As a result, Plaintiff was thrown to the ground and repeatedly struck

10  on and about the head with closed fists by Defendant Officers.

11      70.    At all times herein Defendants MUELLER, THEBEAU, and DOES 1-

12  100 were acting within their scope and employment as police officers within BPD.

13      71.    The conduct alleged herein caused Plaintiff to be deprived of his civil

14  rights that are protected under the United States Constitution, California

15  Constitution, and federal and state laws. The actions of Defendants MUELLER,

16  THEBEAU, and DOES 1-100 have legally, proximately, foreseeably, and actually

17  caused Plaintiff to suffer physical injury, emotional distress, pain and suffering,

18  unjust deprivation of his liberty and freedom, and further damages according to

19  proof at the time of trial.

20      72.    As a further result of the foregoing, Plaintiff is entitled to recover

21  reasonable costs and attorney fees under 42 U.S.C. § 1988.

22      73.    The conduct alleged herein was done in with oppression, fraud, malice,

23  and/or deliberate or reckless disregard of constitutionally protected rights, justifying

24  an award of exemplary damages against Defendants MUELLER, THEBEAU, and

25  DOES 1- 100 in an amount according to proof at the time of trial in order to deter

26  Defendant Officers from engaging in similar conduct and to make an example by

27  way of monetary punishment.

28  ///

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

# FOURTH CAUSE OF ACTION

## BATTERY

### (Against Defendants MUELLER, THEBEAU, and DOES 1-100)

74.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

75.   Plaintiff is informed and believes that Defendants MUELLER, THEBEAU, and DOES 1-100, with the knowledge, permission, and consent of Defendants CITY, BPD, and DOES 1-100, used excessive force against him though Plaintiff had not posed any reasonable threat of death or serious bodily injury to anyone.

76.   Defendants acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when he/she/they attacked Plaintiff and dragged him out of his car.

77.   Defendants acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when he/she/they taunted and threatened Plaintiff, saying: "Welcome to Bakersfield, Motherfucker."

78.   The harmful and/or offensive bodily contact did in fact occur.

79.   The harmful and/or offensive bodily contact was not privileged.

80.   Plaintiff did not consent to harmful and/or offensive bodily contact used against him.

81.   The harmful and/or offensive bodily contact employed by Defendant Officers was not reasonable.

82.   In doing the acts alleged in this complaint, each of the Defendant Officers and DOES 1 through 100 knew, or through the exercise of reasonable diligence should have known that their actions were likely to injure and cause harm to Plaintiff. Plaintiffs is informed and believes, and thereon alleges, that each of those Defendants intended to cause him injury and/or death and acted with a malicious, willful, and conscious disregard for his rights. Plaintiff did nothing to

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1  justify the use of severe and malicious force against him. Accordingly, the conduct

2  of Defendant Officers and DOES 1 through 100 in using excessive force against

3  Plaintiff justifies the awarding of punitive damages against each of the individual

4  Defendants pursuant to Civil Code § 3294.

5       83.    Defendants CITY, BPD, and DOES 1-100 are vicariously liable for the

6  wrongful acts of Defendant Officers pursuant to section 815.2 of the California

7  Government Code, which provides that a public entity is liable for the injuries

8  caused by its employees within the scope of the employment if the employee's act

9  would subject him or her to liability.

10  **<u>FIFTH CAUSE OF ACTION</u>**

11  **ASSAULT**

12  **(Against All Defendants)**

13       84.    Plaintiff re-alleges and incorporates by reference each and every

14  allegation contained in this complaint as though set forth herein in full.

15       85.    Plaintiff is informed and believes that Defendants MUELLER,

16  THEBEAU, and DOES 1-100, with the knowledge, permission, and consent of

17  Defendants CITY, BPD, and DOES 1-100, used excessive force against him though

18  Plaintiff had not posed any reasonable threat of death or serious bodily injury to

19  anyone.

20       86.    Defendants acted with an intent to cause apprehension of immediate

21  harmful and/or offensive bodily contact when he/she/they attacked Plaintiff and

22  dragged him out of his car.

23       87.    Defendants acted with an intent to cause apprehension of immediate

24  harmful and/or offensive bodily contact when he/she/they taunted and threatened

25  Plaintiff, saying: "Welcome to Bakersfield, Motherfucker.

26       88.    Defendants MUELLER, THEBEAU, and DOES 1-100 acted with an

27  intent to cause apprehension of immediate harmful and/or offensive bodily contact

28  when he/she/they struck Plaintiff on and around the head with closed fists.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1   89.    Plaintiff reasonably believed that he was going to be touched in a
2   harmful or offensive manner.

3   90.    It reasonably appeared to Plaintiff that Defendant Officers were going
4   to carry out this threat, and Plaintiff did not consent to this threat.

5   91.    In doing the acts alleged in this complaint, each of the Defendants
6   MUELLER, THEBEAU, and DOES 1-100 knew, or through the exercise of
7   reasonable diligence should have known that their actions were likely to injure and
8   cause harm to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that
9   each of those Defendants intended to cause him injury and/or death and acted with
10  a malicious, willful, and conscious disregard for his rights. Plaintiff did nothing to
11  justify the use of severe and malicious force against him after he stopped the
12  vehicle. Accordingly, the conduct of Defendant Officers and DOES 1 through 100
13  in using excessive force against Plaintiff justifies the awarding of punitive damages
14  against each of the individual Defendants pursuant to Civil Code § 3294.

15  92.    Defendants CITY, BPD, and DOES 1-100 are vicariously liable for the
16  wrongful acts of Defendants MUELLER, THEBEAU, and DOES 1-100 pursuant
17  to section 815.2 of the California Government Code, which provides that a public
18  entity is liable for the injuries caused by its employees within the scope of the
19  employment if the employee's act would subject him or her to liability.

20  ### SIXTH CAUSE OF ACTION

21  **NEGLIGENCE**

22  **(Against All Defendants)**

23  93.    Plaintiff re-alleges and incorporates by reference each and every
24  allegation contained in this complaint as though set forth herein in full.

25  94.    Defendant Officers and DOES 1-100 were police officers acting
26  within the course and scope of their employment who negligently, carelessly, and
27  without reasonable care used excessive force against Plaintiff. Alternatively, at the
28  time and place described above, each of the Defendants came upon Plaintiff and

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

negligently, carelessly and/or recklessly concluded that he presented a risk of serious injury or harm to one of them, thereby necessitating the use of excessive force against him.

95.    Defendant OFFICERS MUELLER, THEBEAU, and DOES 1 through 100, and each of them, had the duty to exercise ordinary care towards Plaintiff and should have known that subjecting him to conduct described herein would lead to bodily injury and foreseeably cause the Plaintiff to suffer harm.

96.    Defendant OFFICERS MUELLER, THEBEAU, and DOES 1- 100, breached their legal duty by failing to act reasonably in light of the circumstances.

97.    Defendant OFFICERS MUELLER, THEBEAU, and DOES 1 -100 had the opportunity to intervene and failed to do so, thereby breaching their legal duty and failed to act reasonably in light of the circumstances.

98.    Defendants CITY, BPD, and DOES 1-100 are vicariously liable for the wrongful acts of Defendant Officers pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

99.    As a direct and proximate result of the foregoing, Plaintiffs have been deprived of the well- being and care, comfort, and society to their general damages according to proof.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, SUPERVISIOIN, DISCIPLINE, AND/OR RETENTION, 42 U.S.C. § 1983, *MONELL*
## (Against Defendants CITY OF BAKERSFIELD, BPD, and DOES 1-100)

100.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

101.    Defendant OFFICERS employed excessive force and failed to properly engage Plaintiff during the arrest.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

102.   Defendants CITY, BPD, and DOES 1-100 maintain an unconstitutional custom, policy, or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("*Monell*") of employing excessive force, and depriving persons of life, liberty, and property.

103.   Defendants CITY, BPD, and DOES 1-100 as a matter of custom, practice, and policy, failed to maintain adequate and proper hiring, training, supervision, discipline, and retention policies for officers and law enforcement personnel in the BPD necessary to educate the officers as to the Constitutional rights of arrestees, to prevent the consistent and systematic use of excessive force by arresting officers, and to prevent the excessive force and extra judicial punishment of potential arrestees by officers

104.   By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts of defendant officers, Defendants acted with an intentional, reckless, and callous disregard for the constitutional and human rights of Plaintiff.

105.   The conduct alleged herein violated Plaintiff's right alleged above which has legally, proximately, foreseeably, and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

106.   Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

107.   In committing the acts described above, Plaintiff is informed and believes Defendants CITY, BPD, and DOES 1-100 acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages against Defendant OFFICERS and DOES 1-100 in an amount according to proof at time of trial.

///

///

///

///

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. § 1983, *MONELL***

**(Against Defendants CITY OF BAKERSFIELD, BPD, and DOES 1-100)**

108.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

109.   Defendants CITY, BPD, and DOES 1-100 as a matter of custom, practice, and policy, failed to maintain adequate and proper training for officers and law enforcement personnel in the BPD necessary to educate the officers as to the Constitutional rights of arrestees, to prevent the consistent and systematic use of excessive force by arresting officers, and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

110.   By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants acted with an intentional, reckless, and callous disregard for the constitutional and human rights of Plaintiff.

111.   Said custom, practice, and policy included a failure to adequately investigate, supervise and discipline offending officers that fostered the custom, practice, and policy within the BPD which resulted in the excessive use of force inflicted upon Plaintiff.

112.   The constitutionally infirm lack of adequate training, supervision, and discipline as to the officers and law enforcement personnel in this case caused Plaintiff to suffer general and special damages according to proof at the time of trial.

113.   Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

114.   In committing the acts described above, Plaintiff is informed and believes Defendants CITY, BPD, and DOES 1-100 acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages against Defendant OFFICERS and DOES 1-100 in an amount according to proof at time of trial.

**NINTH CAUSE OF ACTION**

**RATIFICATION, 42 U.S.C. § 1983, *MONELL***

**(Against Defendants CITY OF BAKERSFIELD, BPD, and DOES 1-100)**

115.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

116.   Defendant Officers employed excessive force and failed to properly engage Plaintiff during the vehicle stop and arrest.

117.   Defendants CITY, BPD, and DOES 1-100 maintain an unconstitutional custom, policy, or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("*Monell*") of employing excessive force, and depriving persons of life, liberty, and property.

118.   Defendants either knew or had constructive knowledge that it should train its law enforcement personnel to follow all laws governing vehicle stops, detentions, use of force, and arrests.

119.   By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts of defendant officers, Defendants acted with an intentional, reckless, and callous disregard for the constitutional and human rights of Plaintiff.

120.   The conduct alleged herein violated Plaintiff's right alleged above which has legally, proximately, foreseeably, and actually caused Plaintiffs to suffer general and special damages according to proof at the time of trial.

121.   Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

122.   In committing the acts described above, Plaintiff is informed and believes Defendants CITY, BPD, and DOES 1-100 acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages against Defendant OFFICERS and DOES 1-100 in an amount according to proof at time of trial.

///

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **TENTH CAUSE OF ACTION**

2

## **UNCONSTITUTIONAL POLICY, 42 U.S.C. § 1983, *MONELL***

3

## **(Against Defendants CITY OF BAKERSFIELD, BPD, and DOES 1-100)**

4

123.    Plaintiff re-alleges and incorporates by reference each and every

5
allegation contained in this complaint as though set forth herein full.

6

124.    Defendants CITY, BPD, and DOES 1-100 maintained an

7
unconstitutional custom, policy or practice, within the meaning of *Monell v.*

8
*Department of Social Services of the City of New York*, 436 U.S. 658 (1978)

9
("*Monell*"), of employing excessive force, and depriving persons of life, liberty and

10
property.

11

125.    Defendants MUELLER, THEBEAU, and DOES 1-100 violated

12
Plaintiff's constitutionally protected right by engaging in a vehicle stop and arrest

13
that resulted in excessive force being inflicted upon Plaintiff.

14

126.    Defendants acted deliberately against Plaintiff in utilizing excessive

15
force against him pursuant to BPD policy and/or procedure.

16

127.    By perpetrating, sanctioning, tolerating, and ratifying the conduct and

17
other wrongful acts of defendant officers, Defendants CITY, BPD, and DOES 1-

18
100 acted with an intentional, reckless, and callous disregard for the constitutional

19
and human rights of Plaintiff.

20

128.    Defendants CITY, BPD, and DOES 1-100 maintained an

21
unconstitutional policy to permit law enforcement officers to engage in vehicle

22
stops and arrests while using excessive force.

23

129.    The conduct alleged herein violated Plaintiff's right alleged above

24
which has legally, proximately, foreseeably, and actually caused Plaintiffs to suffer

25
general and special damages according to proof at the time of trial.

26

130.    The unconstitutional policy set forth above was a direct cause of

27
Plaintiff's injuries in this case.

28

131.    Plaintiff is also entitled to recover reasonable costs and attorney fees

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1    under 42 U.S.C. § 1988.

2    132.    In committing the acts described above, Plaintiff is informed and

3    believes Defendants acted with oppression, fraud, or malice, entitling Plaintiff to an

4    award of punitive damages against defendants in an amount according to proof at

5    time of trial.

6    **ELEVENTH CAUSE OF ACTION**

7    **VIOLATION OF BANE ACT, CAL. CIVIL CODE § 52.1**

8    **(Against All Defendants)**

9    133.    Plaintiffs repeats and re-allege all prior paragraphs of this Complaint

10   and incorporates the same herein by this reference as if those paragraphs were set

11   forth in full herein.

12   134.    The California Legislature declared that it violates our state civil rights

13   act for any person to interfere with the exercise or enjoyment by an individual of

14   his/her rights secured by the United States Constitution or state or federal law. This

15   includes any interference of these rights by threats, intimidation, coercion, or

16   attempted threats, intimidation, or coercion.

17   135.    Defendants MUELLER, THEBEAU, and DOES 1-100 while working

18   as officers for the CITY and acting within the course and scope of their official

19   duties, interfered with and/or attempted to interfere with the rights of Plaintiff to be

20   free from unreasonable searches and seizures and unreasonable excessive force by

21   threatening or committing acts involving violence, coercion or intimidation, as set

22   forth above.

23   136.    On information and belief, Plaintiff reasonably believed that if he

24   exercised his constitutional rights to be free from unreasonable searches and

25   seizures and unreasonable excessive force, Defendant Officers would commit acts

26   involving violence, threats, coercion or intimidation against his person.

27   137.    This interference with Plaintiff's rights was perpetrated in violation of

28   California Civil Code § 52.1 and Plaintiff's right to liberty and to be free from

**McMurray Henriks, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

excessive force under the California and Federal Constitutions.

138.   The conduct alleged herein violated Plaintiff's right alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

139.   As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

140.   Defendants' violation of Plaintiff's rights as guaranteed by Cal. Civ. Code § 52.1 entitles Plaintiffs to reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Code §§ 52.1, subd. (h), 52(b)(3). Plaintiff is also entitled to injunctive and/or declaratory relief thereon.

141.   In committing the acts described above, Plaintiff is informed and believe Defendants MUELLER, THEBEAU, and/or DOES 1-100 acted with a willful and conscious disregard of Plaintiff's rights as secured by Cal. Civ. Code § 52.1, thus entitling Plaintiffs to recover punitive damages pursuant to Cal. Civ. Code § 52, subd. (b)(1).

142.   Defendants CITY is vicariously liable for the wrongful acts of Defendant OFFICERS and DOES 1-100 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## TWELFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (Against All Defendants)

143.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

144.   The conduct of Defendants MUELLER, THEBEAU, DOES 1-100 in

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

inflicting excessive force against Plaintiff and the resulting physical injuries was outrageous and exceeds the bounds tolerated in a civil society.

145.   Defendants MUELLER, THEBEAU, and DOES 1-100 contravened basic police policy and practice when they went hands on with Plaintiff although he had stopped the vehicle, was complying with all officer commands, and did not pose a threat. Upon information and belief, Defendant Officers threw Plaintiff to the ground before proceeding to strike him repeatedly on and around the head despite Plaintiff displaying his hands in the air in surrender at all times.

146.   Defendant Officers used excessive force against Plaintiff even though he was complying with officer commands, did not pose a threat, and was a minor.

147.   Defendant Officers threatened and taunted Plaintiff, saying, "Welcome to Bakersfield, Motherfucker" while Plaintiff was already incapacitated on the ground and being repeatedly struck with closed fists by Defendant Officers.

148.   Defendants MUELLER, THEBEAU, and DOES 1-100 willfully and/or recklessly violated Plaintiff's constitutional rights.

149.   The actions of Defendants amount to extreme and outrageous conduct.

150.   Plaintiff was in fact harmed as a legal result of the above-described threat.

151.   Defendants MUELLER, THEBEAU, and DOES 1-100 have state sanctioned power to deprive someone of their liberty. Defendants are required to act within the bounds of the Constitution due to these awesome powers. Defendants intentionally violated Plaintiff's Constitutional rights, which constitute conduct that exceeds all bounds tolerated by a civilized society.

152.   Defendants were aware that engaging in this willful and/or reckless conduct had a probability of causing Plaintiff to suffer from severe emotional distress.

153.   The actions of defendants have legally, proximately, foreseeably, and actually caused Plaintiff to suffer severe emotional distress.

154.   As a result of the defendants' conduct as described here, Plaintiff suffered physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

155.   The CITY is vicariously liable for the wrongful acts of defendant officers pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

156.   The actions of defendants have legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further damages according to proof at the time of trial. In doing the acts alleged in this complaint, Defendants MUELLER, THEBEAU, and DOES 1-100, or through the exercise of reasonable diligence should have known that their actions were likely to injure Plaintiff. Plaintiff is informed and believes, and thereon alleges, that each of those defendant officers intended to cause Plaintiff injury and acted with a malicious, willful, and conscious disregard for his rights. Plaintiff did nothing to justify the use of severe and malicious force against him. Plaintiff was unarmed and had not posed any reasonable threat to any person or officer at the scene. The unjustified use of severe and malicious force against him was inflicted, in whole or in part, on account of his race, and with the intent to maliciously deprive him of his constitutional rights and/or to inflict injury on him. Accordingly, the conduct of Defendant officers and DOES 1-100 as set forth above, justifies the awarding of punitive damages against each of the individual Defendants pursuant to Civil Code § 3294.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   For general damages in an amount to be determined according to proof at trial;

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

2. For medical expenses, loss of wages and/or earning capacity, and other related expenses and special damages in an amount to be determined according to proof at trial;

3. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial;

4. For punitive damages against each of the defendants except Defendants CITY and BPD pursuant to Civil Code § 52(b)(1) and/or Civil Code § 3294;

5. For a statutory civil penalty of $25,000 pursuant to Civil Code § 52(b)(2) against each of the defendants except Defendants CITY and BPD, and for injunctive and/or declaratory relief thereon;

6. For injunctive and declaratory relief;

7. For costs of suit;

8. For legal interest on the judgment;

9. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: February 9, 2024          **MCMURRAY HENRIKS, LLP**

By: _____
Yana G. Henriks, Esq.
*Attorneys for Plaintiff,*
LUIS E. CASTANEDA

## **DEMAND FOR JURY TRIAL**

Plaintiff LUIS E. CASTANEDA hereby demands a jury trial.

Respectfully submitted,

DATED: February 9, 2024                    **MCMURRAY HENRIKS, LLP**

By: _____

Yana G. Henriks, Esq.
*Attorneys for Plaintiff,*
LUIS E. CASTANEDA