UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS E. CASTANEDA,

           Plaintiff,

    v.

CITY OF BAKERSFIELD, *et al*.,

           Defendants.

Case No. 1:23-cv-00068-KES-CDB

ORDER RE: DISCOVERY DISPUTE

(Doc. 24)

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

Plaintiff Luis E. Castaneda commenced this action with the filing of a complaint in state court on or about October 7, 2022.  (Doc. 2 Ex. 1).  Defendants named in the state court suit removed the action to this Court on January 13, 2023.  (Doc. 2).  After the case was scheduled and nonexpert discovery extended on the parties' stipulated request (*see* Doc. 19), on February 9, 2024, Plaintiff filed the operative first amended complaint ("FAC") asserting claims against Defendants Bakersfield Police Department, Brockett Mueller, and Brendan Thebeau.  (Doc. 20). In the FAC, Plaintiff alleges Defendants violated his civil rights under the U.S. Constitution and state law in connection with his arrest and excessive use of force by Defendants during their encounter with Plaintiff on or about October 16, 2021.  *Id.* "Introductory Statement."

On the deadline to make expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2) (April 15, 2024), Plaintiff transmitted to Defendants a disclosure identifying one retained and 14 "non-retained" expert witnesses.  (Doc. 24).  The 14 non-retained experts are described in Plaintiffs' disclosures as physicians, nurses and other healthcare providers who treated Plaintiff on various dates following Plaintiff's October 2021 encounter with Defendants.  *Id.*  Following meet and confer efforts, on April 30, 2024, Plaintiff transmitted amended Rule 26(a)(2) disclosures to Defendants.  *Id.*  Those amended disclosures set forth for each non-retained expert (1) a description of Plaintiff's injuries that the identified expert treated, and (2) a single-sentence description of the expert's anticipated testimony – to with, the "nature and extent" of the injuries based on some or all of the following bases:  examination, treatment, records and interaction with the Plaintiff.  *Id.*

Defendants argue that Plaintiff's disclosure for its non-retained experts do not comply with Rule 26(a)(2)(C). (Doc. 24 at 4-5).  Specifically, Defendants challenge the expert disclosure for its failure to adequately include a summary of the subject matter and the facts and opinions for which the non-retained experts are expected to testify.  Although not addressed in the parties' joint discovery dispute letter brief, when questioned by the undersigned during an informal discovery dispute conference, Defendants requested the Court preclude Plaintiff's non-retained experts from testifying at trial as a sanction for Plaintiff's alleged non-compliance with Rule 26(a)(2)(C).

Plaintiff disputes that the expert disclosures are deficient.  Specifically, Plaintiff argues the summaries and facts identified in the disclosure notice "are as specific as can be reasonably expected without Plaintiff retaining or otherwise communicating with these providers."  *Id.* at 7.  Plaintiff further asserts that because causation purportedly is not in dispute, "Plaintiff's treating providers are designated merely as percipient witnesses to his injuries" with "clinical expertise capable of clarifying the extent of these injuries."  *Id.*

On May 9, 2024, the Court held a discovery dispute videoconference via Zoom.  (Doc. 28).  Cameron Chapman-Pinto appeared on behalf of Plaintiff.  Heather Cohen appeared on behalf of Defendants.  At the beginning of the conference, the parties agreed to resolution of the

1    identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed

2    without record, and agreed to abide by an order of the Court after the conference resolving the

3    dispute.  At the Court's request, immediately following the conference, counsel for Plaintiff filed

4    Plaintiff's initial Rule 26(a)(1) disclosures and amended Rule 26(a)(2) expert disclosures.  (Doc.

5    29).  Counsel's filing also included certain medical records produced during discovery that

6    counsel errantly represented during the informal discovery dispute conference had not previously

7    been produced.  *Id.* ¶¶ 5-7 & Doc. 29-3.

8              **Governing Legal Standard**

9              "Under the Federal Rules, '[i]f scientific, technical, or other specialized knowledge will

10   assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

11   qualified as an expert by knowledge, skill, experience, training, or education may testify thereto

12   in the form of an opinion or otherwise.'" *Gorrell v. Sneath*, No. 1:12-cv-0554-JLT, 2013 WL

13   4517902, at *1 (E.D. Cal. Aug. 16, 2013) (quoting Fed. R. Evid. 702). "A party must disclose the

14   identity of any expert witnesses, whether retained or non-retained, expected to testify at trial." *Id.*

15   "Disclosure of a non-retained expert 'must state: (i) the subject matter on which the witness is

16   expected to present evidence ...; and (ii) a summary of the facts and opinions to which the witness

17   is expected to testify.'" *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(C)).  "A disclosure must be

18   corrected 'in a timely manner if the party learns that in some material respect the disclosure ... is

19   incomplete or incorrect, and if the additional or corrective information has not otherwise been

20   made known to the other parties during the discovery process or in writing." *Id.*  (quoting Fed. R.

21   Civ. P. 26(e)(1)).

22             **Analysis**

23             In their joint letter brief, both parties cite and rely on *Green v. Qatar Airways Co*. (No.

24   2:19-cv-07950-SVW-MAA, 2020 WL 9601990 (C.D Cal. Nov. 13, 2020)) – as to Plaintiff, for

25   the proposition that because Rule 26(a) should be applied in a manner that will "satisfy the goals

26   of 'increasing efficiency and avoiding prejudicial surprise," the summaries of anticipated

27   testimony he disclosed for the non-retained experts (treating physicians) should be deemed

28   sufficient.  (Doc. 24 at 7) (quoting *Green* at *2).

3

In *Green*, similar to Plaintiff here, the plaintiff disclosed several non-retained treating physicians with generalized summaries of anticipated testimony, including the necessity of the treatment provided and the need for future treatment. *Id.* at *2. The Court concluded the summaries were deficient under Rule 26(a)(2). The Court aptly noted that the disclosures "must be enough information for the opposing party to identify whether it needs a responsive witness and the information that such responsive witness would need to address." *Id.* (internal quotation and citation omitted). The Court further found that the deficient disclosures were not harmless and that, because trial had been continued three times and was scheduled to commence less than two months after defendant challenged the disclosures, the appropriate remedy was to preclude the treating physicians from testifying at trial. *Id.* at *3.[1]

Other courts similarly have found that cursory and general disclosures for non-retained experts do not pass muster under Rule 26(a)(2). For instance, in *Alfaro v. D. Las Vegas, Inc.*, No. 2:15-cv-02190-MMD-PAL (D. Nev. Aug. 24, 2016), the Court concluded that the plaintiff's Rule 26(a)(2)(C) disclosures for non-retained experts were "so generic, unhelpful, and boilerplate they could apply to any [sic] virtually any case." 2016 WL 4473421, at *13. The *Alfaro* Defendants argued (as Defendants argued during the informal discovery dispute conference) that the vague expert disclosures prejudiced them by undermining their ability to "make an informed decision about which, if any, of the witnesses to depose." *Id*. at *2.

Likewise, in *Pineda v. City and Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012), the Court, similar to the *Alfaro* Court, found the plaintiffs' Rule 26(a)(2)(C) disclosures for their non-retained treating physicians were inadequate. Specifically, the disclosure broadly noticed anticipated opinion testimony on the subjects of "causation, diagnosis, prognosis, [and]

---

[1] Although the *Green* court held that all of the plaintiff's deficiently noticed non-retained experts were subject to exclusion, in a concession it characterized as "quite charitable," the court permitted another treating physician to testify under extremely restrictive conditions because the plaintiff did disclose that physician's anticipated opinion testimony regarding causation (*id*. at *3-4). Here, the Court will not extend to Plaintiff any similar concession given his failure to remedy the substantially deficient disclosures when challenged by Defendants, his wholesale failure to identify in the original and amended disclosures *any* expert opinions, and the fact that the deadline to notice rebuttal experts is today.

extent of [plaintiff's] disability," without summarizing the facts or further elaborating the nature of the anticipated opinions. *Id.* at 523.

Like the Courts in *Green, Alfaro* and *Pineda*, this Court concludes that Plaintiff's non-retained expert disclosures do not pass muster under Rule 26(a)(2)(C). While the disclosures sufficiently identify the subject matter of the anticipated testimony, they do not provide a summary of the relied-upon facts or actual opinions. Plaintiff's argument that the disclosures adequately inform Defendants that the non-retained experts will opine generally about their conclusions regarding the nature and extent of Plaintiff's injuries they treated and/or diagnosed is not persuasive. The disclosures run afoul of Rule 26(a)(2)(C) in failing to summarize any opinions or the facts on which the experts are expected to rely – and Plaintiff cannot meet his burden here by simply pointing to the disclosed medical records and representing that the relevant facts are contained therein, as he argued during the informal discovery dispute conference.

Based on the arguments of the parties in the joint brief (Doc. 24) and delivered during the informal discovery dispute conference, the Court finds Plaintiff has not demonstrated that the Rule 26(a)(2)(C) disclosure deficiencies were either substantially warranted or harmless. As set forth above, the bare bones disclosures made by Plaintiff provide no notice to Defendants as to either the experts' opinions or underlying facts on which they rely in reaching any such opinions. Plaintiff was not substantially justified in making the deficient expert disclosures because counsel for Defendants informally identified and requested counsel for Plaintiff to remedy the deficiencies; yet, the amended disclosures that Plaintiff transmitted to Defendants approximately two weeks later still fall short of what is required under Rule 26(a)(2)(C). *See Pineda*, 280 F.R.D. at 523 (finding non-compliance with Rule 26(a)(2)(C) disclosure requirements not "substantially justified, particularly since Defendant specifically explained to Plaintiffs on January 6, 2012, how their disclosure of non-retained experts was deficient" and the deficiencies were not remedied). Moreover, the deficient disclosures were not harmless. Prior to his expert disclosures made on April 15, 2024, Plaintiff had not disclosed the majority of his non-retained experts in the initial or any supplemental Rule 26 notice and, without sufficient disclosures, Defendants are unable to adequately assess the need for and to retain rebuttal experts as necessary – particularly given that

the deadline to make rebuttal expert disclosures was the day after the informal discovery dispute conference (today).

However, the Court finds that the relief requested by Defendants (excluding all of the non-retained experts from testifying at trial) is not warranted at this point.  That is because, unlike in *Alfaro*, here, discovery is not closed and Plaintiff's Rule 26(a)(2)(C) deficiencies with respect to at least some of the disclosed non-retained experts may be remediable without a significant adjustment of case management dates.

In *Gorrell*, the Court found that defendants' Rule 26(a)(2)(C) disclosures for their non-retained experts did not adequately identify the facts or opinions for which the witnesses were expected to testify.  However, discovery was still open and the Court declined to exclude the expert testimony as a sanction, finding the disclosure deficiencies were harmless, largely because "many of the facts and opinions to which [the expert witnesses] expect to testify have been divulged in the course of discovery."  2013 WL 4517902 at *3-4 (distinguishing *Pineda*).  Accord, *F.D.I.C. v. Anderson*, No. 2:11-cv-01061-GEB-EFB, 2012 WL 3728160, at *4 (E.D. Cal. Aug. 27, 2012) (noting "deficiencies" in disclosure of non-retained expert but declining to exclude testimony).

As to the three non-retained experts initially noticed in Plaintiff's Rule 26(a)(1) disclosures but deficiently noticed in Rule 26(a)(2) disclosures – Dr. Ryan Roleson, Dr. Sage Wexner, and Maria Lizbeth Mazcorro (AMFT) – like the *Gorrell* Court, the Court here will permit Plaintiff to belatedly amend his expert disclosures consistent with Rule 26(a)(2)(C) by a fixed time prior to a modestly expanded period to be granted by the Court for purposes of undertaking limited expert discovery.  The amended disclosures may not expand beyond opinions the three non-retained experts formed during their respective course of treatment.  *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Further, should any of Plaintiff's non-retained experts testify to expert opinions outside the narrow bounds of their amended Rule 26(a)(2)(C) disclosures, Defendant may seek relief through a motion to exclude those portions of the deposition testimony that were not sufficiently disclosed in advance. *See* Fed. R. Civ. P. 37(c)(1) (a party who fails to provide required information "is not allowed to use

that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."). *E.g., Wishtoyo Found. v. United Water Conservation Dist*., No. CV 16-3869-DOC (PLAx), 2017 WL 6940510, at *15 (C.D. Cal. Dec. 1, 2017) (excluding portions of non-retained expert witness deposition testimony for party's failure to properly disclose pursuant to Rule 26(a)(2)); *Krause v. Hawaiian Airlines, Inc*., No. 2:18-cv-00928 JAM AC, 2019 WL 13225251, at *5-6 (E.D. Cal. June 7, 2019) (declining to strike expert testimony, notwithstanding deficient Rule 26(a)(2)(C) disclosures, subject to renewal of motion.

As to the other treatment providers identified in Plaintiff's Rule 26(a)(2) disclosures and who had not previously been disclosed in Plaintiff's Rule 26(a)(1) disclosures, they will be excluded from presenting testimony at trial. *See Green*, 2020 WL 9601990, at *3 (excluding improperly noticed non-retained experts where disclosure was neither substantially justified nor harmless); *Pineda*, 280 F.R.D. at 523 (same).

**Conclusion and Order**

For the foregoing reasons and based on the discussion had during the informal discovery dispute conference, it is HEREBY ORDERED:

1. Plaintiff shall be precluded from presenting the testimony of the non-retained experts identified in his supplemental Rule 26(a)(2) disclosures (Doc. 29-2), with the exception of Dr. Ryan Roleson, Dr. Sage Wexner, and Maria Lizbeth Mazcorro (AMFT);

2. As to Dr. Ryan Roleson, Dr. Sage Wexner, and Maria Lizbeth Mazcorro (AMFT), Plaintiff may transmit to Defendants amended disclosures for these non-retained expert witnesses consistent with Rule 26(a)(2)(C) and the analysis set forth above within ten (10) days of entry of this order; and

*Remainder of This Page Intentionally Left Blank*

7

1      3.  The time for undertaking expert discovery for the limited purpose of facilitating

2 Plaintiff's amended expert disclosures and any rebuttal expert disclosures by Defendants (as set

3 forth above) and for taking depositions of these witnesses only is extended from June 7, 2024, to

4 August 2, 2024.

5 IT IS SO ORDERED.

6     Dated:   **May 10, 2024**   

7                                        UNITED STATES MAGISTRATE JUDGE